# EXHIBIT C-1

6/13/2024 9:45 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 88757229
By: Egypt Young
Filed: 6/13/2024 9:45 AM

CAUSE NO. _____

| | | |
|---|---|---|
| **J&R MULTI FAMILY GROUP, LTD. DBA THE WORTHINGTON AT THE BELTWAY** | § § § § | **IN THE DISTRICT COURT** |
| *PLAINTIFF,* | § § | |
| VS. | § § | **HARRIS COUNTY, TEXAS** |
| **LANDMARK AMERICAN INSURANCE COMPANY** | § § § | |
| *DEFENDANT.* | § § § | _____ **JUDICIAL DISTRICT** |

---

### PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF THE COURT:

Plaintiff J&R Multi Family Group, LTD. dba The Worthington at the Beltway ("Plaintiff") files this Plaintiff's Original Petition against Defendant Landmark American Insurance Company ("Defendant"). In support, Plaintiff shows the following:

### A.  DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $250,000.

### B.  PARTIES

2. Plaintiff J&R Multi Family Group, Ltd. dba The Worthington at the Beltway is Domestic Limited Partnership in Harris County, Texas.

3. Defendant Landmark American Insurance Company is an insurance company doing business in the State of Texas, which may be served through its agent for service of process

Unofficial Copy Office of Marilyn Burgess District Clerk

in the State of Texas, Texas Department of Insurance, via certified mail, at P.O. Box 149104, Austin, Texas 78714-9101. The Texas Department of Insurance shall then forward said process by certified mail, return receipt requested, to the Senior Claims Officer of RSUI Group, Inc. or his designee at 945 East Paces Ferry Rd., Atlanta, GA 30326-1160.

## C. JURISDICTION

4.      The Court has jurisdiction over Defendant because it engages in the business of insurance in Texas, and the causes of action arise out of its business activities in Texas, including those in Harris County, Texas, with reference to this specific case.

## D. VENUE

5.      Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

## E. CONDITIONS PRECEDENT AND STATUTORY NOTICE

6.      All conditions precedent to recovery have been performed, waived, or have occurred.

7.      Defendant received pre-suit notice in compliance with Texas Insurance Code Section 542A.003.[1]

## F. AGENCY AND *RESPONDEAT SUPERIOR*

8.      Whenever in this petition it is alleged that Defendant did any act or omission, it is meant that Defendant itself or its agents, officers, servants, employees, and/or representatives did such act or omission, and it was done with the full authorization or ratification of Defendant or

---

[1] On May 22, 2024, Defendant through its counsel, Jay W. Brown of Shackelford, McKinley & Norton, LLP, elected to accept liability for Engle Martin & Associates, adjuster Lance Grigar, who inspected the property and RSUI Group, Inc., and their employees and agents as per Texas Insurance Code § 542A.006.

2

done in the normal routine, course, and scope of agency or employment of/by Defendant or its agents, officers, servants, employees, and/or representatives.

## G. FACTS

9.      Each of the foregoing paragraphs is incorporated by reference in the following:

10.      Plaintiff is the named insured under property insurance policy no. LHD933188 (the "Policy") issued by Defendant. The Policy insures Plaintiff's property, specifically the real property and improvements located at 1350 Greens Parkway, Houston, Texas 77067 (the "Property"), against losses from storm damage.

11.      The Property is a multi-family residential complex managed by J & R Multifamily Group LTD. The property, known as the Worthington at Beltway, comprises several apartment buildings and associated amenities, including light concrete paving, metal utility buildings, and multiple swimming pools. The buildings are primarily constructed of masonry and frame with vinyl sidings and brick or stone exteriors and are equipped with central forced cooling and hot air heating systems. The property also includes various porches and open areas, with buildings ranging from one to three stories. According to the Harris County Appraisal District, the overall condition of the structures and their functional utility is described as good, indicating a well-maintained residential environment.

12.      During the policy period, on or about June 8, 2023, the Property experienced severe weather phenomena, with wind gusts reaching a speed of 101.72 mph. Additionally, hail was observed during the storm event, with the largest hailstones measuring approximately 1.5 inches in diameter.

13.      The severe weather event caused extensive damage to both the roof and exterior of the Property. The roofs of the buildings sustained significant damage, including missing, lifted,

3

creased, torn, and penetrated shingles, necessitating a complete replacement of the roofing systems. High winds uprooted softwood trees and dislodged roof shingles. Additionally, the vinyl sidings of the property exhibited impact damage from hailstones, further demonstrating the intensity of the storm's impact on various structural elements of the property.

14.     Plaintiff noticed the damage to the Property and reported the loss to Defendant on July 13, 2023, who assigned claim no. 7030184759 to the loss.

15.     Defendant assigned a field adjuster to inspect the Property and adjust the loss. Despite timely reporting the loss to Landmark and the assignment of adjusters Lance Grigar of Engle Martin and Associates and Matthew D. Oestrike of Nelson Forensics, LLC for assessment, the engagement with Worthington's representatives during the inspection process was notably lacking. Subsequent communications regarding the investigation's findings were delayed until December 15, 2023, significantly exceeding the reasonable timeframe for such correspondences.

16.     The investigation conducted by Nelson Forensics, led by Matthew Oestrike and Lance Grigar, was notably substandard. The Nelson Forensics team primarily relied on a visual inspection and a shingle roofing condition survey, neglecting the essential destructive testing needed to uncover significant, yet less obvious, storm-related damage. This oversight resulted in the failure to identify evident storm-related damage, such as missing, torn, and creased shingles across the buildings of the Property.

17.     Moreover, Nelson Forensics significantly underestimated the extent of the damage by attributing many issues to pre-existing conditions or previous repairs, thereby downplaying the severity and scope of the recent storm's impact. The field adjuster's inspection was insufficient, and the delayed communication of findings further compromised the credibility of the investigation. These shortcomings culminated in a biased, unfair, and inequitable evaluation of the

4

property's damage, failing to provide the thorough and accurate assessment that the situation warranted.

18.     Furthermore, Nelson Forensics and the field adjuster's assessment improperly concluded that the roofs were repairable when, in fact, they require complete replacement. This conclusion was based on a superficial visual inspection and a shingle roofing condition survey, which did not include the necessary testing to determine the reparability of the roofs. Nelson's failure to perform this essential step resulted in an oversight of the extent of the damage, including missing, torn, and creased shingles that were not fully documented. The recommendation to repair rather than replace the roofs ignored the cascading effect of collateral damage that occurs during shingle replacement, which any expert in this field would recognize as a key consideration. This oversight leads to an increasing number of repairs and ultimately compromises the structural integrity of the entire roofing system.

19.     Despite visible and widespread damage, the field adjuster, on behalf of Defendant, misrepresented to Plaintiff the scope and cause of the damage during and after the inspection. The storm damage to the roofs and sidings which is clearly covered under the policy was misidentified as uncovered loss.

20.     These misrepresentations are memorialized in a claim decision letter dated December 6, 2023, sent to Plaintiff on behalf of Defendant. The letter erroneously concluded that the Policy does not provide coverage for the full scope and cause of the loss.

21.     The field adjuster's unreasonable investigation resulted in a biased, unfair, and inequitable evaluation of Plaintiff's loss. Defendant failed to fully provide coverage and pay for Plaintiff's loss under the terms of the Policy.

22.     Even though the Property sustained obvious damage caused by a covered peril,

5

Defendant misrepresented the scope of the damage and the scope of coverage under the Policy.

23. Although liability under the Policy was reasonably clear, Defendant failed to attempt to settle Plaintiff's claim in a fair manner.

24. Defendant failed to conduct a reasonable investigation of the claim, failed to compensate Plaintiff under the terms of the Policy, and failed to offer a reasonable explanation for the claim decision.

25. Defendant failed to timely acknowledge Plaintiff's claim and begin an investigation of the claim. Despite receiving all necessary information, Defendant failed to fully accept Plaintiff's claim within the statutorily mandated time despite Plaintiff's cooperation during the claim process.

26. Defendant delayed full payment of Plaintiff's claim longer than allowed, and to date, Plaintiff has not received full payment for the claim.

27. Since the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy has been reasonably clear. However, Defendant has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to support its refusal.

28. Plaintiff has suffered damages as a result of Defendant's actions described above and the condition of the Property continues to worsen despite Plaintiff's effort to mitigate the loss.

**H. CAUSES OF ACTION**

29. Each of the foregoing paragraphs is incorporated by reference in the following:

**I.   Breach of Contract**

30. Plaintiff entered into a valid and enforceable written insurance contract with Defendant, governed by Texas law. The contract stipulated that Plaintiff would pay policy

Unofficial Copy Office of Marilyn Burgess District Clerk

6

premiums and Defendant, as the insurer, would provide coverage and pay for storm-related damage by the deadlines mandated by the Prompt Payment of Claims Statute and the Policy. Plaintiff fulfilled its contractual obligations by making the required policy premium payments. Defendant materially breached the insurance contract by failing to provide adequate coverage following the claim filed by Plaintiff and by not properly adjusting the loss, paying for the value of lost or damaged properties, or repairing, rebuilding, or replacing the properties with materials of like kind and quality, and by wrongfully denying or underpaying the claim without conducting a reasonable investigation.

## II.    Prompt Payment of Claims Statute

31.    Each of the foregoing paragraphs is incorporated by reference in the following:

32.    The failure of Defendant to pay for Plaintiff's losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of § 542.051 et seq. of the Texas Insurance Code.

33.    Plaintiff has complied with Defendant's reasonable requests for documentation and multiple inspections of the Property.

34.    Plaintiff, therefore, in addition to Plaintiff's claims for damages, is entitled to interest and attorneys' fees as set forth in § 542.060 of the Texas Insurance Code.

## III.    Bad Faith/Deceptive Trade Practices Act ("DTPA")

35.    Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

36.    Defendant violated Section 541.051 of the Texas Insurance Code by making statements that misrepresented the terms and benefits of the Policy. These misrepresentations led the Plaintiff to misunderstand the extent and scope of coverage provided under the Policy, ultimately affecting the Plaintiff's ability to make informed decisions regarding their claim and the

7

needed repairs.

37.     Defendant violated Section 541.051 of the Texas Insurance Code by:

1)     making statements misrepresenting the terms and/or benefits of the Policy.

38.     Defendant violated Section 541.060 by:

1)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim with respect to which liability had become reasonably clear;

3)     failing to promptly provide to Plaintiff a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the denial of Plaintiff's claim or offer of a compromise settlement of Plaintiff's claim;

4)     failing within a reasonable time to affirm or deny coverage of Plaintiff's claim or submit a reservation of rights to Plaintiff; and/or

5)     refusing to pay the claim without conducting a reasonable investigation with respect to Plaintiff's claim.

39.     Defendant violated Section 541.060 by misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue. Furthermore, Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim, despite the liability being reasonably clear. Defendant also neglected to provide a reasonable explanation for the denial of Plaintiff's claim or for the offer of a compromise settlement, in relation to the facts or applicable law. Additionally, Defendant did not affirm or deny coverage of Plaintiff's claim within a reasonable time nor submit a reservation of rights to Plaintiff. Lastly, Defendant refused to pay the claim without conducting a reasonable investigation by ignoring the extensive damage which

8

required full replacement of the roofs and the sidings and by failing to determine the repairability of the roofs and sidings.

40.     Defendant violated Section 541.061 by:

1)     making an untrue statement of material fact;

2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

4)     making a material misstatement of law; and/or

5)     failing to disclose a matter required by law to be disclosed.

41.     Defendant violated Section 541.061 by making untrue statements about the extent of the damage to Plaintiff's property. Defendant inaccurately claimed the roof damage was minor and repairable, despite evidence requiring a complete replacement. They failed to disclose the full impact of the storm, leading to misleading conclusions about the damage's severity. Defendant's statements misled a reasonably prudent person to believe minor repairs were sufficient. Additionally, Defendant made material misstatements of law and failed to disclose required information, misleading the Plaintiff about the damage and coverage under the policy.

42.     At all material times, Plaintiff was a consumer who purchased insurance products and services from Defendant.

43.     Defendant violated the DTPA in the following respects:

1)     Defendant represented that the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

2)     Defendant failed to disclose information concerning goods or services

9

which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiff into a transaction that Plaintiff would not have entered had the information been disclosed; and/or

3)    Defendant, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the Section 17.50(a)(1)-(3) of the Texas Business and Commerce Code, in that Defendant took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

## I. STATEMENT OF RELIEF

44.    As required by Rule 47(b) of the Texas Rules of Civil Procedure, the damages sought by Plaintiff are within the jurisdictional limits of the Court. As required by Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff is seeking monetary relief over monetary relief over $1,000,000.

## J. ATTORNEY'S FEES

45.    Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

46.    Plaintiff is entitled to recover reasonable and necessary attorney's fees pursuant to Texas Civil and Practice Remedies Code Sections 38.001–38.003 because Plaintiff is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

47.    Plaintiff is also entitled to recover reasonable and necessary attorney's fees

10

pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

48.     Plaintiff therefore prays that Plaintiff be awarded all reasonable and necessary attorney's fees incurred in prosecuting Plaintiff's causes of action through trial and any appeal.

## K.  RESERVATION OF RIGHTS

49.     Plaintiff reserves the right to prove the amount of damages at trial. Plaintiff reserves the right to amend Plaintiff's petition upon further discovery.

## L.  JURY DEMAND

50.     Plaintiff requests that Plaintiff's causes of action be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff tenders the appropriate jury fee.

## PRAYER

For these reasons, Plaintiff prays that Plaintiff recover all actual damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorney's fees through trial and appeal, statutory interest, costs of court, pre-judgment interest, post-judgment interest, and all other relief, general or special, at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

**ZAR LAW FIRM**

*/s/ Matthew Zarghouni*
Matthew Zarghouni
State Bar No. 24086085
17 S. Briar Hollow Ln Ste. 400A
Houston, Texas 77027
Office: (346) 980-6600
Fax: (281) 888-3150
Matt@zar-law.com
service@zar-law.com

**ATTORNEY FOR PLAINTIFF**

11